Filed 9/29/20  P. v. Varnado CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>BRIANNA VARNADO,<br><br>　　　Defendant and Appellant. | B301951<br><br>(Los Angeles County<br>Super. Ct. No. NA100824) |

　　　APPEAL from an order of the Superior Court of Los Angeles County, Jesse I. Rodriguez, Judge.  Affirmed.

　　　John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

　　　No appearance by Plaintiff and Respondent.

Defendant Brianna Varnado (defendant) was charged with robbery (Pen. Code,[1] § 211) in March 2015. She ultimately pled no contest to assault by means likely to produce great bodily injury and was placed on formal probation for three years.[2] (§ 245(a)(4).) The conditions of her probation included abstaining from alcohol and completing 45 days of community labor with CalTrans.

Defendant had not performed any community labor by January 2018 and the trial court gave her until May 2018 complete the requirement. By May 2018, however, defendant still had not completed her assigned CalTrans labor and, with defendant's consent, the trial court extended probation to May 2019.

In November 2018, defendant admitted to violating her probation by failing to report to her probation officer. The trial court imposed a suspended sentence of two years in state prison, extended defendant's probation to May 2020, and warned her that that any violation would result in her going to prison. In April 2019, defendant asked the trial court to terminate probation early based on her completion of her community labor obligation and the probation department's recommendation. The trial court denied the request.

---

[1] Undesignated statutory references that follow are to the Penal Code.

[2] Defendant stipulated the police report and preliminary hearing transcript, which revealed she stole alcohol from a grocery store and struck employees who attempted to stop her, formed the factual basis for her plea.

In September 2019, defendant was booked on charges of driving under the influence (Veh. Code, § 23152(a)) and leaving the scene of a collision (Veh. Code, § 20002(a)).  She was convicted of three misdemeanors, and the trial court found her in violation of the terms of her probation in this case.  The trial court denied defendant's request to reinstate probation and executed the two-year prison sentence.  The trial court recognized that it had "a lot of discretion in whether or not to impose [the] sentence," but decided defendant "had all of the chances she could have."

Defendant noticed an appeal from the judgment.  This court appointed counsel to represent defendant.  After examining the record, defendant's attorney filed an opening brief raising no issues.  On April 20, 2020, this court advised defendant she had 30 days to personally submit any contentions or issues she wanted us to consider.  Pursuant to this court's April 15, 2020, emergency order, this deadline was extended to June 17, 2020.  Defendant submitted no contentions or issues for our consideration.

We have examined the appellate record and are satisfied defendant's attorney has complied with the responsibilities of counsel and no arguable issue exists.  (*Smith v. Robbins* (2000) 528 U.S. 259, 278-82; *People v. Kelly* (2006) 40 Cal.4th 106, 122-24; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

DISPOSITION

The judgment is affirmed.


NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS



BAKER, J.


We concur:




RUBIN, P. J.




MOOR, J.